Morgan, J.
Plaintiff’s father, Robert Green, died in October, 1854. He constituted his wife Lizzie H. Green, his universal legatee, and appointed John J. Green his testamentary executor, who qualified as such. The property now in contest formed part of his succession.
In February, 1855, the plaintiff was born. She is the issue of the marriage of Robert Green and Lizzie H. Green. At the time of her father’s death she was “ en ventre sa mere.'1'1
In June, 1856, the lots in question were sold. The sale was provoked by the executor. It was made under an order of court, and by auction.
Plaintiff claims that her birth destroyed her father’s will; that the executor bécarne thereby without power to act, and that the sale made by him conveyed no title.
It is in evidence that Robert Green died insolvent. It is admitted that the proceeds of the property went toward the payment of his debts.
Frima facie, the title acquired by the first purchaser was a good one. The property had been sold under an order of a competent court, made at the instance of one apparently authorized to apply for it. The records of the country showed that the executor was exercising the functions of his office at the time he asked for the order of sale. Purchasers are not bound, at their peril, to inquire, when property is advertised for sale by an executor, whether any thing has occurred outside of court; to destroy the will under which he is acting.
Besides, her father’s succession being insolvent, and the property which she now claims having been applied, as was proper, to the payment of his debts, we do not see how she has been injured by the sale of which she complains.
*564 The moral of her position is that the purchasers of her father’s property shall pay his debts, and the property itself be returned to her. To this we can not assent.
It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed.